

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2005

# Bull v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4046

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bull v. USA" (2005). *2005 Decisions.* Paper 742.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/742

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4046
_____

FRED BULL, JR.,

Appellant

v.

UNITED STATES OF AMERICA;
DEVEN CHANMUGAM, Clinical Director;
J. ALLEN, Clinical Director;
L.T. RARICK, Emergency Medical Technician (EMT);
C. FRIMPONG, Physician Assistant;
J. BENNETT-MEEHAN, Physician Assistant;
KELLY AUMAN, Tele-Medicine Coordinator;
PLATIN HILLETEWORK, MLP

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00598)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
August 1, 2005

Before:  SLOVITER, BARRY and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed:  August 3, 2005)

_____

OPINION

_____

PER CURIAM.

Fred Bull, a federal inmate currently housed at FCI-Petersburg in Virginia, filed this action seeking damages under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA) for the defendants' alleged mis-diagnosis and delay of treatment in connection with an eye injury that Bull claims to have suffered while housed at USP-Allenwood in Pennsylvania.[1] By Order entered September 29, 2004, the District Court denied Bull's motion to compel discovery, granted the defendants' motion for summary judgment on the merits of the FTCA claim, and granted the motion to dismiss the Bivens claim for failure to exhaust administrative remedies. Bull timely filed this appeal.

Bull first contests the District Court's denial of his motion to compel discovery. We discern no error. As the District Court explained, although Bull is no longer housed at USP-Allenwood, he could have obtained (and eventually did obtain, albeit in an untimely manner) his complete prison medical record simply by submitting a request to his current institution of confinement. Moreover, as Bull was advised, his request for medical records from outside medical services contractors, none of whom are parties to this suit, had to be submitted directly to those contractors. The record also reflects that Bull's interrogatories were served on the defendants after the court-ordered deadline for

---

[1]We assume the parties' familiarity with Bull's factual allegations and the procedural history of the case, and thus we do not set forth that information in detail here.

2

the close of discovery. Finally, it is clear that most, and likely all, of the medical records and documents Bull sought were provided to him and attached to the defendants' motion for summary judgment. On this record, the District Court did not abuse its discretion in denying Bull's motion to compel further discovery from the defendants.

Bull also challenges the rejection of his FTCA claim, but we agree with the District Court that summary judgment on the merits in favor of the United States was appropriate. Bull's failure to produce expert testimony to support his assertion of medical malpractice was, as the District Court found, fatal to his claim. It is clear from the record of Bull's extensive treatment, which took place over the course of almost two years following his initial alleged injury at USP-Allenwood, that without the guidance of an expert, a lay fact-finder could not attribute Bull's injury (a detached retina) to the actions of the medical personnel in treating Bull.

Finally, the record fully supports the District Court's determination that Bull never exhausted available administrative remedies before filing suit on his <u>Bivens</u> claim, and Bull raises no viable argument to the contrary on the issue of exhaustion. We also note, in any event, that Bull's claim of "deliberate indifference" must fail on the merits, as there is no evidence in the summary judgment record from which a reasonable fact-finder could conclude that the medical staff who treated Bull acted with a reckless disregard for his medical needs. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 836 (1994). "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of

mind, do not constitute 'deliberate indifference.'" <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).

For these reasons, we will affirm the District Court's judgment. Bull's Motion to Supplement the Record, wherein he submits copies of the District Court docket sheet and his notice of appeal, is denied as unnecessary, as those documents are already part of the record that was transmitted by the District Court for the appeal.